UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Calvin B. Johnson,

        Plaintiff,

vs.   REPORT AND RECOMMENDATION

Michael W. Mott, Police
Chief, and City of Milaca,

        Defendants.   Civ. No. 08-5221 (JNE/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Defendants' Motion to Dismiss the Plaintiff's Complaint.

A Hearing on the Motion was conducted on January 15, 2009, at which time, the Plaintiff appeared on his own behalf, and the Defendants appeared by Rylee J. Retzer, Esq. For reasons which follow, we recommend that the Defendants' Motion to Dismiss be granted, and that the Plaintiff's Complaint be dismissed, with prejudice, as time-barred.

II.  Factual and Procedural Background

This action, which is brought pursuant to Title 42 U.S.C. §1983, was commenced on September 19, 2008.  See, Plaintiff's Complaint, Docket No. 1.  The Plaintiff claims that, under color of State law, the Defendants deprived him of $2,140.00 in lawful currency, when the Defendant Michael W. Mott ("Mott"), who is the Police Chief of the Defendant City of Milaca, obtained a Search Warrant, and seized those funds on May 18, 2001, from the Plaintiff's account at the First National Bank of Milaca.  Id. at p. 2.  The issuance of the State Search Warrant followed a warranted search of a Federal Express package by the Minneapolis/St. Paul International Airport Police, which uncovered approximately two (2) pounds of marijuana.  See, Affidavit of Rylee J. Retzer, Exhibit A ("Retzer Affidavit"), at p. 3 of 13.  The Airport Police notified the Milaca Police Department, and subsequently delivered the package to that Department for home delivery to its intended recipient, a Raymond Paul Nelson ("Nelson").  Id.

Following the delivery of that package to Nelson, police executed a Warrant at that address, and interrogated Nelson, after providing him with a Miranda advisory, see, Miranda v. Arizona, 384 U.S. 436 (1966).  Nelson implicated the Plaintiff, and advised that he had intended to deposit $500.00, in cash, in the Plaintiff's account at

the First National Bank. <u>Id.</u> According to the Plaintiff, the $2,140.00, which was seized from his bank account, consisted of his Social Security and disability benefits. See, <u>Plaintiff's Complaint, Docket No. 1</u>, at p. 2 of 3.

On May 18, 2001 -- that is, on the same date as the funds were seized -- Mott served upon the Plaintiff, by certified mail, a Notice of Seizure with Intent to Forfeit Property, pursuant to Minnesota Statutes Section 609.5314, Subdivision 2, which advised the Plaintiff that he had sixty (60) days from the receipt of the Notice to demand a judicial determination on the seizure and forfeiture.[1] See, <u>Retzer Affidavit, Exhibits C and D, Docket No. 16-2</u>, at pp. 7 of 13 thru 10 of 13. The Notice further advised that, if the Plaintiff did not demand judicial review "within 60 days of receipt of this form," in accordance with the procedures prescribed by Section 609.5314, Subdivision 3, he would lose any right to the property -- the $2,140.00 in cash -- that was described in the notice. <u>Id., Exhibit C, Docket No. 16-2</u>, at p. 7 of 13.

Given these circumstances, the Plaintiff alleges a violation of his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments, see, <u>Plaintiff's Complaint, Docket No. 1</u>, at p. 2 of 3, while the Defendants maintain that the

---

[1]Minnesota Statutes Section 609.5312, Subdivision 1, authorizes the forfeiture of "[a]ll money and other property, real and personal, that represent proceeds of a designated [drug] offense."

Plaintiff's action is barred by the applicable Minnesota Statute of Limitations and, in addition, that his Complaint should be dismissed for failing to state a claim upon which relief can be granted.

### III. Discussion

As noted, the Defendants seek a dismissal of the Plaintiff's Complaint, pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, arguing that the Court does not have Federal subject matter jurisdiction over his claims, and they also seek a dismissal, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, on the ground that the Plaintiff's asserted cause of action fails to state a claim upon which relief can be granted. Since we conclude that we are without jurisdiction over the subject matter of the Plaintiff's Complaint, we necessarily confine our analysis to the Rule 12(b)(1) issue.

A.   Standard of Review. "It is a verity that federal courts are courts of limited jurisdiction," and "[p]arties may not enlarge that jurisdiction by waiver or consent." Arkansas Blue Cross and Blue Shield v. Little Rock Cardiology Clinic, P.A., --- F.3d ---, 2009 WL 30299 at *3 (8th Cir., January 7, 2009), citing 4:20 Commc'n, Inc. v. Paradigm Co., 336 F.3d 775, 778 (8th Cir. 2003); see also, Berger Levee Dist., Franklin County, Missouri v. United States, 128 F.3d 679, 680 (8th Cir.

1997)("Although the jurisdictional issue was not raised before the District Court, the question of a court's jurisdiction over an action is non-waivable and may be raised at any point in the litigation."). Ultimately, "[t]he burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction: here, [the Plaintiff]." Id., citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Specifically, the Defendants urge that this Court is without jurisdiction because the Plaintiff's Section 1983 action is barred by the applicable statute of limitations.

"Bar by a statute of limitations is typically an affirmative defense, which the defendant must plead and prove." Jessie v. Potter, 516 F.3d 709, 713 n. 2 (8th Cir. 2008), citing John R. Sand & Gravel Co. v. United States, --- U.S. ---, 128 S.Ct. 750, 753 (2008). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993), citing Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 731-32 (11th Cir. 1982). "If the [challenger] wants to make a factual attack on the jurisdictional allegations of the complaint, the court may receive competent

evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." Id., citing Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947).

Here, the Defendants have offered Affidavit evidence, which was not rebutted by the Plaintiff, even though he was afforded the opportunity to do so.

    B.    Legal Analysis. We start with a facial assessment of the Plaintiff's Complaint. He alleges one cause of action -- a claim pursuant to Section 1983 -- which is predicated on alleged deprivations of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. As alleged by the Plaintiff, he invokes Federal Question jurisdiction, under Title 28 U.S.C. §§1331, and 1343(a)(3). See, Complaint, Docket No. 1, at p. 1¶1. The precise nature of those asserted constitutional deprivations is alleged as follows:

> b.    On May 16, 2001, in the city of Milaca, County of Mille Lacs MN at the First National Bank of Milaca, 190 2nd Avenue SW, Defendant Michale W Mott, under his capacity as police chief, seized into his control, the amount of $2140.00 US Dollars consisting of Social Security and disability benefits.

Complaint, Docket No. 1, at p. 2 ¶7.a.

Consistent with the regimen we are obligated to apply, we assume those facts to be true, even though we know that the State Court Search Warrant, which was employed to seize the Plaintiff's funds, was issued on May 16, 2001, but was not executed until

May 18, 2001.  For our analysis, that difference of two (2) days is immaterial and, hereinafter, we refer to the seizure date as May 18.[2]

As we have noted, the Plaintiff's action was not commenced until September 9, 2008, when he filed his Complaint in this Court.  Accordingly, some seven (7) years, and four (4) months transpired, between the allegedly unlawful seizure that the Plaintiff grieves, and his commencement of this action.  In order to determine, given those facially apparent facts, whether the Plaintiff's claim is time-barred, we must look to the statute of limitations which is applicable to Section 1983 actions.  However, Section 1983 contains no specific statute of limitations within its provisions.  "When," as here, "a federal law has no statute of limitations, courts may borrow the most closely analogous state statute of limitations, unless doing so would frustrate the policy embodied in the federal law."  Gaona v. Town & Country Credit, 324 F.3d 1050, 1054 (8th Cir. 2003), quoting Birmingham v. Omaha Sch. Dist., 220 F.3d 850, 854 (8th Cir. 2000).  In Wilson v. Garcia, 471 U.S. 261, 280 (1985), the Supreme Court held that "[Section] 1983 claims are best characterized as tort claims for personal injury and that the state statute of limitations for personal injuries should

---

[2] In his Memorandum of Points and Authorities in Opposition to Demurrer, see, Docket No. 22, at p. 4, the Plaintiff concedes that the date of seizure was May 18, 2001.

be applied to all [Section] 1983 claims." Gaona v. Town & Country Credit, supra at 1055.

Subsequently, in Owens v. Okure, 488 U.S. 235, 241-42 (1989), the Supreme Court again had to consider the question of which limitations statute should be applicable, because many States have more than one statute of limitations for personal injuries. After fully considering the issue, the Court held "that where state law provides multiple statutes of limitations for personal injury actions, courts considering §1983 claims should borrow the general or residual statute for personal injury actions." Id. at 250. "Minnesota's residual limitations period for personal injury actions is six years." Simington v. Minnesota Veterans Home, 464 N.W.2d 529, 530 (Minn.App. 1990), rev. denied (Minn., March 15, 1991), citing Minnesota Statutes Section 541.05, Subdivision 1(5); Olson v. City of Sartell, 2005 WL 396295 at *1 (D. Minn., February 15, 2005)("The Magistrate Judge correctly noted that in Minnesota all §1983 claims must be filed within six years of the date of the allegedly illegal act."), aff'd, 138 Fed.Appx. 895, 2005 WL 1669567 (8th Cir., July 19, 2005), citing Egerdahl v. Hibbing Community College, 72 F.3d 615, 618 n. 3 (8th Cir. 1995)("In Minnesota, §1983 claims are governed by the six-year limitations period of

Minnesota's personal-injury statute, Minn.Stat. §541.05, subd. 1(5)."), citing Berg v. Groschen, 437 N.W.2d 75, 77 (Minn.App. 1989).

"In general, a statute of limitations begins to run when a complete cause of action accrues, or when there is a demand capable of present enforcement." Northwestern Nat'l Ins. Co. v. Carlson, 711 N.W.2d 821, 824 (Minn.App. 2006), citing Noske v. Friedberg, 656 N.W.2d 409, 412 (Minn.App. 2003), aff'd, 670 N.W.2d 740 (Minn. 2003); Herrmann v. McMenomy & Severson, 590 N.W.2d 641, 643 (Minn. 1999)("A cause of action accrues and the statute of limitations begins to run when the cause of action will survive a motion to dismiss for failure to state a claim upon which relief can be granted."), citing Dalton v. Dow Chemical Co., 158 N.W.2d 580, 584 (Minn. 1968); Bonhiver v. Graff, 248 N.W.2d 291, 296 (Minn. 1976) ("[T]he action accrues 'at such time as it could be brought in a court of law without dismissal for failure to state a claim.'"), quoting Dalton v. Dow Chemical Co., supra at 584; Leisure Dynamics, Inc. v. Falstaff Brewing Corp., 298 N.W.2d 33, 37 (Minn. 1980)("The general rule in Minnesota is that a statute of limitations begins to run from the time an action can be commenced."), citing Butler v. Minneapolis Police Relief Ass'n, 166 N.W.2d 705 (Minn. 1969); and Bachertz v. Hayes-Lucas Lumber Co., 275 N.W.2d 694 (1937).

Under closely analogous circumstances, we have previously concluded that a plaintiff's unlawful seizure claim, under Section 1983, commenced on the date of the unlawful seizure.  See, <u>Olson v. City of Sartell</u>, supra at *1 ("Plaintiff was arrested and his property seized on August 20, 1995," and he "could have filed an action alleging the wrongful seizure of his property immediately thereafter."), and at *4.  In <u>Olson</u>, the plaintiff's Section 1983 action, which arose from a purportedly wrongful seizure, was dismissed as time-barred, and that dismissal was affirmed on appeal.  See, <u>Olson v. City of Sartell</u>, 138 Fed.Appx. 895, 2005 WL 1669567 (8th Cir., July 19, 2005).  We find no basis to distinguish the circumstances here, from those presented in <u>Olson</u> and, moreover, there is additional evidence in this action which firmly establishes that, as of May 18, 2001, the Plaintiff could sue to recover his lost property.  Specifically, the Plaintiff concedes that "the date of seizure under the judicial warrant was May 18, 2001; (same day to which the administrative forfeiture was filed)."  <u>Plaintiff's Memorandum of Points and Authorities in Opposition to Demurrer, Docket No. 22</u>, at p. 4.  Plainly, under Minnesota law, the Plaintiff's right to claim the return of his property arose on May 18, 2001.  See, <u>Minnesota Statutes Section 609.5314, Subdivision 3</u>.

Applying the six year statute of limitations to the undisputed facts here, the Plaintiff had until May 18, 2007, by which to commence his Section 1983 claim. Since his Complaint was not filed until September 19, 2008, his claim is time-barred. Of course, we are mindful of the Plaintiff's argument that the County Attorney, for Mille Lacs County, had two (2) years,[3] after the date of the seizure, to commence a Judicial Proceeding under Minnesota Statutes Section 609.5313.  Continuing, the Plaintiff argues that, since no Judicial Proceeding was instituted, the seized property reverted to him, and therefore, he had six years to bring his Section 1983 claim after May 18, 2003.

While inventive, the argument has no merit in the context of Section 1983. Moreover, the Plaintiff entirely overlooks the fact, uncontested in this Record, that he was served with a Notice of the seizure, and of the Defendants' intent to forfeit that property, in accordance with Minnesota Statutes Section 609.5314, Subdivision 2. Under the Administrative Forfeiture Procedure, as enacted by the Minnesota Legislature, the Plaintiff had sixty (60) days after the receipt of that notice to commence a Judicial Determination of the Forfeiture by the filing of a Civil

---

[3]According to the Plaintiff, for his purposes, the applicable statute of limitations is contained in Minnesota Statutes Section 541.07(2), which affords a period of two (2) years for claims predicated on a statute for a penalty or forfeiture.

Complaint.  See, <u>Minnesota Statutes Section 609.5314, Subdivision 3</u>.[4]  The Plaintiff

---

[4]As the Minnesota Supreme Court explained, in <u>Blanche v. 1995 Pontiac Grand Prix</u>, 599 N.W.2d 161, 164-65 (Minn. 1999):

> Against a backdrop of increasing drug crime, the legislature created a scheme permitting forfeitures of property used in connection with drug crimes.
>
> \*   \*   \*
>
> In order to achieve its goals, the legislature delineated two types of forfeiture procedures, judicial and administrative. See Minn.Stat. §§609.5313-.5314 (1998).
>
> Both administrative and judicial forfeiture procedures may be initiated to confiscate certain properties found in proximity to controlled substances, and also "conveyance devices containing controlled substances with a retail value of $100 or more * * *.  Minn.Stat. §609.5314, subd. 1(a)(2).
>
> \*   \*   \*
>
> In addition to judicial forfeiture procedures, the legislature established administrative forfeiture procedures to expedite some uncontested forfeitures.  To initiate an administrative procedure, the county does not issue a complaint.  Instead, the county seizes the property and gives notice to all persons known to have an ownership or possessory interest in the property, informing them that they may demand judicial review of the forfeiture.  Minn.Stat. §609.5314, subd. 2.  If a claimant chooses not to contest the forfeiture, the property is forfeited in 60 days.  Id. §609.5314, subd.

(continued...)

has failed to demonstrate, by competent evidence, that he filed any such Complaint "with the court administrator in the county in which the seizure occurred." Id.

While the Plaintiff believes that his interpretation of Minnesota law trumps the Defendants' statutory construction, we need not address that issue further, as it has no effect on the statute of limitations that is applicable to his sole claim in this Court -- his Section 1983 claim. If, as the Plaintiff appears to believe, he has a viable claim for the return of his bank account funds under Minnesota law, he is at liberty to pursue that claim in Minnesota's Courts, but he has no right to seek a recovery of those funds in a Section 1983 action that is now time-barred. Notably, the Plaintiff has failed to demonstrate that the six-year statute of limitations was tolled for any cognizable reason, although he urged, at the time of the Hearing, that he and his attorney elected not to pursue the return of those funds because of their concern that an active Warrant had then been issued for his arrest. The inevitable effect of that delay contributed to the time-bar that now precludes his Federal claim.

---

[4](...continued)
>3(a). The administrative forfeiture procedure thereby provides a streamlined process for uncontested forfeitures, avoiding unnecessary hearings when forfeitures are not challenged.

In sum, the Plaintiff's Section 1983 claim is time-barred, and therefore, we recommend that his Complaint be dismissed with prejudice, as we are without jurisdiction to consider the merits of his claim. Since we are without jurisdiction, we have no authority to consider the Defendants' second basis for dismissal, which they have premised upon Rule 12(b)(6), owing to their view that the Plaintiff's Complaint fails to state a claim upon which relief can be granted.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Defendants' Motion to Dismiss the Plaintiff's Complaint, pursuant to Rule 12(b)(1), be granted, and that the Plaintiff's Complaint be dismissed, with prejudice, as being time-barred.

Dated: January 16, 2009         *s/Raymond L. Erickson*
                                Raymond L. Erickson
                                CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by

filing with the Clerk of Court, and by serving upon all parties **by no later than February 2, 2009**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing by no later than **February 2, 2009**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.